UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BABETTE T. BERIONES,<br><br>                               Plaintiff,<br><br>v.<br><br>IMH ASSET CORP., et al,<br><br>                               Defendants. | Case No.:  22-cv-1916-GPC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>**[ECF No. 70]** |

On December 5, 2022, Plaintiff Babette Beriones ("Plaintiff" or "Beriones") filed a Complaint against several Defendants: IMH Asset Corp. ("IMH"); Deutsche Bank National Trust Company ("Deutsche Bank"); Wilmington Trust Company; Impac Funding Corporation ("Impac"); Mortgage Electronic Registration System ("MERS"); Bank of America; James Lowell Anthony, LLC ("JLA"); Anthony Peter Vasilas; Jessie Menzel; MTC Financial Inc. ("MTC"); Commissioner Kelly Dowlan; Commissioner Donald Armento; Judge Timothy Casserly; CA Supreme Court Patricia Guerro; CA Supreme Court Tani Cantil-Sakauye; Appellate Ct. Assoc. Charles Gill; and Does 1 thru 100 (collectively "Defendants"). ECF No. 1 ("Compl.").

1

On May 12, 2023, Plaintiff filed a Motion for Leave to File a First Amended Complaint. ECF No. 70. This Motion is fully briefed. For the reasons below, the Court **DENIES** Plaintiffs' Motion for Leave to Amend and **DISMISSES** Plaintiff's entire action for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff filed this action alleging that "[u]nder the color of state law Defendants infringed and violated Plaintiff's U.S. Constitutional rights as set forth in the 4th and 14th Amendments . . . ." ECF No. 1 ("Compl.") at 11.[1] Broadly, Plaintiff states that her "rights as owner of her home were *never* extinguished, because there was an improper foreclosure that was never perfected by the mortgagee; and after the Appellate Court's ruling that Beriones was entitled to restitution of her home, all [subsequent] court orders were void." *Id.* at 12 (emphasis in original). Although her initial Complaint and proposed amended complaint are, at times, difficult to decipher, the Court has made out the following facts.

Plaintiff's action arises out of a 2004 loan secured by a deed of trust on Beriones's property and the subsequent foreclosure of that property following default. Compl. at 20. In July 2015, real estate agent and founder of JLA, Ralph Norton, went to Plaintiff's home to evict her. *Id.* at 20. Plaintiff alleges Norton and JLA did not have good title because they purchased the property at an online auction and not at a "trustee's sale" as she states is required by statute. *Id.* at 21. JLA later sold the house to Defendants Jessie Menzel and Anthony Vasilas, whom Plaintiff alleges worked with Bank of America to sell real estate assets obtained through foreclosures. *Id.* at 22.

On September 2, 2015, Plaintiff lost an unlawful detainer action brought by now-Defendant JLA. Compl. at 14. Beriones appealed this judgment, and the California

---

[1] Page number citations refer to CM/ECF pagination.

Appellate Court ordered the Superior Court to reverse the unlawful detainer and award restitution. *Id.*; ECF No. 1-2 at 4 (July 19, 2016 appellate court order). On remand, the Superior Court awarded Beriones $6,600 in restitution and ordered her to vacate her home to JLA. *Id.* Beriones states the Superior Court committed two errors on remand: (1) JLA was given an illegal writ of execution to remove Beriones from her home; and (2) JLA was given valid title to the property. *Id.* at 27. Plaintiff states that "[t]hose orders [on remand] were void because they exceeded the trial court's jurisdictional authority," (*id.*), and that the Superior Court "erroneously failed to enforce the clear meaning of the Appellate Court's decision, which was to restore to Beriones all of her property rights and quiet title to her home," (*id.* at 28).[2] Beriones appealed the Superior Court's ruling, but the Appellate Court denied her appeal. *Id.* at 15.

On December 18, 2018, Beriones filed a quiet title action in California Superior Court. *Id.* This action was removed to federal court. *Id.* On May 16, 2019, the district court dismissed Plaintiff's federal causes of action as time-barred and remanded the action back to state court. *Id.* On July 19, 2019, the state court dismissed her complaint with prejudice. *Id.* at 16. Plaintiff states that on remand from federal court, the Superior Court "erroneously allowed her opponents to file their demurrers . . . and then erroneously dismissed her Complaint with prejudice." *Id.* at 25. She states she "was denied her right to amend her Complaint" and that the trial court judge allowed defendants an additional 30 days to file demurrers without giving notice to Plaintiff. *Id.*

---

[2] Defendants Vasilas and Menzel argue that Beriones's interpretation of the California Appellate Court's July 29, 2016 Order is incorrect. *See* ECF No. 55 at 4-5 (arguing that the appellate court did not find that the foreclosure sale was void but rather that the plaintiff in the unlawful detainer action could not rely on the tender rule "because it had not established that the foreclosure sale was conducted by a validly substituted trustee").

Beriones states she appealed the Superior Court's dismissal of her quiet title action on April 24, 2020. *Id.* at 17. On February 4, 2021, the California Appellate Court affirmed the Superior Court's ruling. *Id.* On March 12, 2021, Beriones filed a writ of certiorari in the California Supreme Court. *Id.* On June 10, 2021, the California Supreme Court denied her request. *Id.* at 18.

Beriones now files this Complaint "to regain possession of her property with good title pursuant to 42 USC § 1983" because "she has been deprived of possession and good title of her property without procedural and substantive due process as required by the 4th and the 14th Amendments to the U.S. Constitution." *Id.* at 24, 26. She states "all California courts have erroneously failed to abide by the decision of the Appellate Court's Order of Restitution in favor of Beriones. Thus, all of their subsequent orders are void." *Id.* at 29.

In her initial complaint, Plaintiff alleged the following causes of action: (1) violation of 42 U.S.C. § 1983 Denial of Plaintiff's Fourth Amendment Rights; (2) violation of 42 U.S.C. § 1983 Denial of Plaintiff's Fourteenth Amendment Rights; (3) violation of California Constitution, Art. 1, § 1; (4) violation of substantive due process under the 14th Amendment of the U.S. Constitution; (5) violation of procedural due process; and (6) adverse possession and conversion of property. *Id.* at 42-49.

Although Plaintiff does not include a redlined version of her proposed amended complaint as required by Local Rule 15.1(b), Plaintiff's proposed first amended complaint, filed at ECF No. 57, appears very similar, with the addition of a state law fraud claim. *Compare* ECF No. 1, *with* ECF No. 57.

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure ("Rule") 15(a), "[a] party may amend its pleading once as a matter of course within (A) 21 days after serving it; or (B) 21 days after service of a motion under Rule 12(b) . . . ." Fed. R. Civ. P. 15(a)(1). "In all other

cases, a party may amend its pleading only with the opposing party's written consent or the court's leave," and courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded."); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (stating "[R]ule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality'").

In assessing the propriety of an amendment, courts consider several factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously permitted; (4) prejudice to the opposing party; and (5) futility of amendment. *Foman*, 371 U.S. at 182; *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). Although one factor is not necessarily dispositive, leave to amend may be denied if a proposed amended complaint would be subject to dismissal. *Carrico v. City & Cnty. Of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## DISCUSSION

Although Plaintiff did not attach a copy of the proposed amended pleading and redlined version of the proposed amended pleading to her Complaint, as required by Local Rule 15.1(b), it is clear that the document filed at ECF No. 57 is Plaintiff's proposed amended complaint. Plaintiff's proposed amended complaint adds a state law fraud claim against all Defendants. *See* ECF No. 57 at 72. However, for the reasons below, this Court lacks subject matter jurisdiction of Plaintiff's action in its entirety, and the case must be **DISMISSED**.

### I.     *Rooker-Feldman*

"Under the *Rooker-Feldman* doctrine, 'a state-court decision is not reviewable by lower federal courts.'" *Hooper v. Brnovich*, 56 F.4th 619, 624 (9th Cir. 2022) (quoting *Skinner v. Switzer*, 562 U.S. 521, 532 (2011)). The Ninth Circuit's recently published

decision in *Hooper v. Brnovich*, 56 F.4th 619 (9th Cir. 2022), is relevant to the present action. In *Hooper*, the Plaintiff, Murray Hooper, had previously moved under state law for an order to permit him to conduct DNA and fingerprint analysis on a crime scene. *Hooper*, 56 F.4th at 621. The state trial court denied his request and Hooper sought review of this denial in the Arizona Supreme Court. *Id.* The Arizona Supreme Court affirmed the state trial court's ruling. *Id.*

Hooper then filed a lawsuit pursuant to 42 U.S.C. § 1983 in federal court seeking a "declaratory judgment that the Arizona statutes providing for forensic testing of DNA and other evidence are unconstitutional as applied to him as well as an injunction ordering defendants to permit him to conduct the forensic testing." *Id.* at 622. The Ninth Circuit held that the federal district court "lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine because th[e] action amounted to an improper appeal of the state courts' judgment." *Id.*

The *Hooper* Court stated that *Rooker-Feldman* bars lower federal courts from exercising subject matter jurisdiction over an action brought as a direct appeal as well as a "'de facto equivalent' of such appeal." *Id.* at 624 (quoting *Morrison v. Peterson*, 809 F.3d 1059, 1069-70 (9th Cir. 2015)). "To determine whether an action functions as a de facto appeal, [a court should] 'pay close attention to the *relief* sought by the federal-court plaintiff.'" *Id.* (quoting *Cooper v. Ramos*, 704 F.3d 772, 777-78 (9th Cir. 2012)). A court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine when the federal court plaintiff "complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003).

When a plaintiff files a claim in federal court alleging an erroneous ruling by a state court, "the jurisdictional inquiry hinges on whether the constitutional claims presented to the district court 'are *inextricably intertwined* with the state court's

[ruling].'" *Hooper*, 56 F.4th at 624 (quoting *Cooper*, 704 F.3d at 778)). "Claims are inextricably intertwined if 'the relief requested in the federal action would effectively reverse the state court decision or void its ruling.'" *Id.* at 625 (quoting *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002)).

Because the Plaintiff in *Hooper* sought an order from the federal district court stating that he was entitled to the DNA testing, the Ninth Circuit found that his requested relief "would effectively reverse the state courts' decision that he is not entitled to the test." *Id.* It was a "pure horizontal appeal of the state court's decision," and essentially amounted to an argument that "the state courts decided his case incorrectly." *Id.*

Beriones's proposed amended complaint suffers the same defect. Her argument, essentially, is that the state courts "decided [her] case incorrectly." *Id.* She challenges the state courts' application of law and argues that the California Superior Court and all courts following the California Appellate Court's July 29, 2016 Order acted beyond the appellate court's mandate. ECF No. 57 at 65 ("The Defendants are charged with not following the Appellate Court's Decision of 7/29/2016, which is a legal requirement. All subsequent orders are void for not complying with the Appellate Court's order of Restitution in favor of Beriones."). Beriones requests the following relief: (1) the Writ of Possession be reversed; (2) the Writ of Execution be reversed; (3) all sales of Beriones' real estate are null and void; (4) good title is found in Beriones; (5) Beriones is entitled to possession of her property; (6) all Defendants must vacate the property immediately; (7) judgment shall be entered in favor of Plaintiff; and (8) costs and expenses are awarded to Beriones. ECF No. 57 at 74.

Beriones repeatedly argues that *Rooker-Feldman* does not apply because she "is not requesting a rejection of any state court judgments. She only desires this Court to nullify all orders after the Appellate Division's order granting her Restitution because they are void; and to order again that Plaintiff is entitled to restitution of her property."

*See e.g.*, ECF No. 57 at 60-61. These statements are inconsistent. Requesting that a federal court nullify or void a state court order is tantamount to rejecting the state court order and is barred by *Rooker-Feldman*. It is plain that Plaintiff's constitutional claims are inextricably intertwined with the state court rulings. Indeed, her requested relief explicitly asks that this Court reverse and thus reject the state court orders. *See* ECF No. 74 (stating that Beriones requests the writ of possession and writ of execution be reversed); *see also* ECF No. 57 at 74. The Ninth Circuit has made clear that "a request to declare [a] state court judgment void seeks redress from an injury caused by the state court itself" and is "squarely barred by *Rooker-Feldman*." *Henrichs v. Valley View Dev.*, 474 F.3d 609, 614 (9th Cir. 2007) (rejecting Plaintiff's argument that "the state court exceeded its jurisdiction when it entered judgment against him" and finding the action barred by *Rooker-Feldman*).

Accordingly, the Court finds *Rooker-Feldman* bars the Court from adjudicating any of Plaintiff's federal claims.

## II. State Law Claims

Because the Court has dismissed Plaintiff's federal causes of action, subject matter jurisdiction cannot exist under 28 U.S.C. § 1331. Diversity jurisdiction also does not exist because Plaintiff is a citizen of California, and it appears all Defendants are also citizens of California. ECF No. 57 at 23-25.

28 U.S.C. § 1367(c)(3) states that a district court may decline to exercise supplemental jurisdiction over a state law claim if the "district court has dismissed all claims over which it has original jurisdiction." Here, the Court has dismissed all claims arising under federal law, and declines to exercise jurisdiction over Plaintiff's state law claims, including her proposed fraud claim. Thus, the Court finds her proposed amendment would be futile, and **DENIES** Plaintiff's Motion for Leave to Amend.

## CONCLUSION

For the reasons stated above, the Court lacks subject matter jurisdiction under *Rooker-Feldman* to adjudicate Plaintiff's action. The Court declines to exercise supplemental jurisdiction as to Plaintiff's state law claims, including the newly proposed fraud claim. As such, the Court **DENIES** Plaintiff's request to amend, and **DISMISSES** Plaintiff's action in its entirety. The pending motions are **DENIED** as MOOT. The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: July 7, 2023

Hon. Gonzalo P. Curiel
United States District Judge